UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICKIE HICKS,

        Petitioner,

v.                                                                         Case No. 2:04-cv-179
                                                                 HON. ROBERT HOLMES BELL

TERRY SHERMAN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Rickie Hicks filed this petition for writ of habeas corpus challenging the validity of his state court convictions for second degree murder, two counts of armed robbery, and possession of a firearm. Petitioner was convicted by a jury and was sentenced to a mandatory two year sentence on the firearm conviction, 23 to 45 years on the murder conviction, and 18 to 35 years on each robbery conviction to run concurrently with the murder conviction. Petitioner requests that the court to grant his petition or, alternatively, dismiss the petition without prejudice so that he can reassert his issues in the state appellate courts to show cause and prejudice for those issues that were procedurally defaulted.

Petitioner was convicted of robbing Eric Williams and Jason Jones on May 29, 2000. Petitioner was convicted of taking two bags of marijuana from his victims and of killing Williams during the robbery by shooting him with a single bullet to the chest. Petitioner was 16 years old at the time he was sentenced.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issues:

I. The trial court erred in allowing the prosecutor's peremptory dismissal of the sole black member of the jury pool, over the objection of defense counsel.

II. Trial judge erred reversibly in answering the following questions by the jury: "If he only pulled out a gun but did not shoot Eric, is he still guilty of second degree murder?" Where the court's answer presented three possible theories of guilt without presenting countervailing theories of innocence, the court impermissibly encroached on the jury's exclusive role as a finder of fact; cumulative error resulted in a denial of due process and a fair trial.

III. The cumulative effect of multiple errors by the prosecution and the court combined to deny the petitioner a fair trial and due process.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that it was error for the trial court to allow the prosecutor to use a peremptory challenge to strike the only African American juror from the panel. The Michigan Court of Appeals rejected this claim, explaining:

> Defendant first argues that the trial court improperly denied his *Batson* challenge during jury voir dire. *Batson v. Kentucky*, 476 US 79, 106 S Ct 1712; 90 L Ed 2d 69 (1986). Defendant objected when the prosecutor used a peremptory challenge to excuse the only African American juror in the jury pool. On appeal, defendant argues that the trial court should have sustained his challenge because the prosecutor's alleged reasons for striking the juror were minor and vague. Defendant's argument has no merit.[FN]
>
>> [FN]Defendant also asserts that his right to trial by an impartial jury under the Sixth Amendment of the United States Constitution, US Const, Am VI, and Article 1, Section 20 of the Michigan Constitution, Const 1963, Art 1, § 20, was violated. Defendant does not, however, explain his position. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. . . ." *People v. Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Moreover, while a criminal defendant has the right to an impartial jury drawn from a fair cross-section of the community,

> *People v. Hubbard*, 217 Mich App 459, 472; 552 NW2d 493 (1996), a defendant is not entitled to a petit jury that mirrors the community. *Id*. In this case, defendant has failed to make a prima facie showing of a violation of the Sixth Amendment of the United States Constitution or Article 1, Section 20 of the Michigan Constitution. *See People v. Williams*, 241 Mich App 519, 525-526; 616 NW2d 710 (2000).

A *Batson* ruling is reviewed for an abuse of discretion. *People v. Howard*, 226 Mich App 528, 534; 575 NW2d 16 (1997). Factual findings made by the trial court are given great deference because they turn in large part on credibility, and thus are reviewed for clear error. MCR 2.613(c); *Harville v. State Plumbing & Heating, Inc.*, 218 Mich App 302, 319-320; 553 NW2d 377 (1996). In *Batson*, the Court made clear that a prosecutor may not exercise peremptory challenges to strike jurors solely on the basis of their race. *Batson, supra*, at 96. In deciding whether a defendant has made a prima facie case of discriminatory dismissal,

> the trial court must consider all relevant circumstances, including whether there is a pattern of strikes against black jurors, the questions and statements made by the prosecutor during voir dire and in exercising his challenges, all of which may support or refute an inference of discriminatory purpose. [*People v. Barker*, 179 Mich App 702, 705-706; 446 NW 2d 549 (1989) (citation omitted).]

In other words, defendant not only bears the burden of showing that the juror belonged to a recognized racial group and that a peremptory challenge was used to excuse the juror, but he must also show that the facts and other relevant circumstances raise an inference that the prosecutor used a peremptory challenge to exclude the juror based on race. *Batson, supra*, at 96.

> [T]he race of a challenged juror alone is not enough to make out a prima facie case of discrimination. The mere fact that a party uses one or more peremptory challenges in an attempt to excuse minority members from the jury venire . . . is not enough to establish a prima facie showing of discrimination. [*Clarke v. Kmart Corp. (After Remand)*, 220 Mich App 381, 383; 559 NW2d 377 (1996), citing *People v.*

> *Williams*, 174 Mich App 132, 137; 435 NW 2d 469 (1989).]
>
> If there is no prima facie showing of purposeful discrimination, a prosecutor is not required to offer a neutral explanation for the use of the peremptory challenge. *Williams, supra*, at 137; *Barker, supra*, at 706. If a prima facie showing has been made, however, "the prosecution must provide a racially neutral explanation for peremptorily excluding racial minorities from the venire, and the trial court must decide if the defendant proved purposeful discrimination." *People v. Ho*, 231 Mich App 178, 184; 585 NW2d 357 (1998).
>
> In the instant case, defendant failed to demonstrate facts or circumstances to support the inference that the juror was excused because of her race. Because the juror was apparently the only African American in the jury pool, no pattern of discriminatory strikes was evident prior to her dismissal. The prosecutor's questions and statements during voir dire also did not support an inference of discriminatory purpose. Defendant made no showing of purposeful discrimination by the prosecutor, but objected merely because of the race of the juror who was removed. This is insufficient. *Clark, supra*. On that basis alone, we find that the trial court did not abuse its discretion in denying defendant's *Batson* challenge.
>
> We also note, however, that the prosecutor offered valid, race neutral reasons for removing the juror. The prosecutor stated that the juror was excused because of her failure to disclose during voir dire that a bench warrant had been previously issued against her for failure to pay parking tickets. We disagree with defendant's contention that this information was not a sufficiently specific, racially neutral explanation for striking the juror. The trial court did not abuse its discretion in overruling the *Batson* challenge.

Based upon the facts presented and the rationale for excluding the juror, it is the opinion of the undersigned that petitioner cannot show that the peremptory challenge of the juror was improper or violated his constitutional rights. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a

decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner next argues that the trial court improperly answered a question from the jury in violation of petitioner's constitutional rights. The Michigan Court of Appeals rejected this claim stating:

> Defendant next argues that the trial court erred by its response to the following question, which was posed by the jury during deliberation" "If he [defendant] only pulled out a gun but did not shoot Eric, is he still guilty of second degree murder?" The trial court responded:
>
>> That depends on how you evaluate facts. He could be or he might not be. If he pulled out the gun, if you conclude he did that, and if you conclude that he did this for the purpose of aiding in an armed robbery, that is, aiding Mr. Ambrose in taking the marijuana away from Mr. Jones and Mr. Williams, then he's aiding and abetting in an armed robbery.
>>
>> If he knows that this is the purpose. That this is what is going on. This is what Mr. Ambrose is going to do, he is going to take this marijuana away without paying for it. And if you also conclude that when he hauled out the gun and showed it to Mr. Williams and Mr. Jones, if that is what he did, and he knowingly created a high risk of death or great bodily harm when he did that, knowing that death or such harm would be the likely result, you could conclude that he aided and abetted in a felony murder, or if in your judgment it shouldn't be that, you could conclude that he aided and abetted in a second degree murder. That's for you to decide. Not me, the attorneys, you. That lies solely in your discretion.
>
> Defendant objected to the instruction, arguing that the trial court should not have given examples to the jury and should only have instructed that the elements of second-degree murder must be satisfied in order to convict. On appeal, defendant argues that the trial court's instruction improperly focused on theories of guilt and that it interfered with the jury's role as the finder of fact. We disagree.

> Claims of instructional error are reviewed de novo. *People v. Marion*, 250 Mich App 446, 448; 647 NW2d 521 (2002). The instructions are reviewed as a whole to determine if the trial court made an error requiring reversal. *People v. Katt*, 248 Mich App 282, 310; 639 NW2d 815 (2001), lv gtd in part on other gds 466 Mich 889 (2002). Even if the instructions are not perfect, error is not created if the instructions fairly presented the issues for trial and adequately protected the defendant's rights. *Id*.
>
> The trial court's supplemental instruction fairly presented the issues to be tried and sufficiently protected defendant's rights. *Katt, supra*. The trial court noted that whether the defendant was guilty depended on the jury's evaluation of the facts. The trial court did not espouse a particular point of view nor did it interfere with the jury's independent judgment or role as the finder of fact. Further, the initial jury instructions made clear that the elements of the offense had to be proven beyond a reasonable doubt. Considering the instructions as a whole, we find no error. In deciding this issue, we note that defendant cites no applicable authority to support his claim that the trial court's use of examples in the supplemental instruction was inappropriate. "A party may not leave it to this Court to search for authority to sustain or reject its position." *People v. Fowler*, 193 Mich App 358, 361; 483 NW2d 626 (1992).

In order to show a constitutional violation, petitioner must demonstrate that the instruction violated due process. *Henderson v. Kibbe*, 431 U.S. 145, 153 (1977).

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'". . . .

431 U.S. at 154. The evidence presented at trial, taken in the light most favorable to the prosecution, was sufficient to justify the instructions given by the court. Petitioner, in the opinion of the undersigned, cannot establish that the instruction violated his due process rights. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that multiple errors by the court violated his rights. Petitioner claims that the court erred by allowing a .38 caliber hand gun admitted into evidence when the victim was shot with a .32 caliber handgun, by allowing the prosecutor to have a witness identify in court accused co-defendant Joseph Ambrose, who had invoked his Fifth Amendment right to not testify, and by allowing the prosecutor to argue facts not in evidence in the closing argument. The Michigan Court of Appeals rejected these claims stating:

> Defendant additionally argues that the trial court improperly permitted Jones to make an in-court identification of Ambrose, who was unavailable as a witness because he asserted his Fifth Amendment right to silence. Ambrose was brought into the courtroom for the sole purpose of allowing Jones to identify him as the man who was with defendant when the victim was shot. Defendant argues that the in-court identification was highly prejudicial and should have been precluded under MRE 403. We review this unpreserved allegation of error for plain error. *People v. Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To avoid forfeiture of an issue under the plain error rule, a defendant must demonstrate the existence of a plain error that affected his substantial rights, i.e., affected the outcome of the lower court proceedings. *Id*. at 763-764.
>
> Defendant's argument on this issue is without merit. First, contrary to defendant's argument, there was no identifiable prejudice relating to the in-court identification. It was undisputed that defendant was with Ambrose at the time of the shooting. Defendant admitted this to the jury, and his theory of the case was that Ambrose was the shooter. Under the circumstances, Jones' identification of Ambrose was not unfairly prejudicial and did not confuse or mislead the jury. MRE 403. Second, defendant's counsel not only failed to object to the in-court identification, but he appeared to welcome the in-court identification.[FN]

> <sup>FN</sup>Defendant wanted the jury informed that Ambrose was unavailable because he was exercising his right to remain silent. Defendant's request for such an instruction was made in advance of the in-court identification. Ultimately, the trial court declined to inform the jury that Ambrose had asserted his Fifth Amendment right to remain silent. When the jury asked why Ambrose did not testify, the trial court informed the jury, without objection, that Ambrose was legally unavailable and could not be called by either the prosecution or the defense.

During defendant's direct examination, defense counsel asked about the in-court identification. In closing argument, defense counsel reminded the jury that it saw Ambrose during trial. Counsel argued that Ambrose's appearance was not similar to the description originally given by Jones. Counsel used the discrepancies between Ambrose's appearance and Jones' original description to argue that Jones was not credible. A defendant is not allowed to assign error on appeal to something his own counsel deemed proper at trial. *People v. Green*, 228 Mich App 684, 691; 580 NW2d 444 (1998). "To do so would allow a defendant to harbor error as an appellate parachute." *Id*. We therefore find no plain error requiring reversal. *Carines, supra*.

Defendant next challenges the prosecutor's introduction of testimony that a .38 caliber weapon was found in the hotel room where he was arrested. Defendant argues that the existence of the weapon was irrelevant, was introduced only to impute bad character to him, and was prejudicial. We review this unpreserved allegation of evidentiary error for plain error. *Carines, supra*.

It was undisputed that the bullet removed from the victim was a .32 caliber bullet. Expert testimony established that the bullet could not have been fired from any .38 caliber weapon. In addition, no fingerprints were found on the .38 caliber weapon and defendant denied any knowledge of the weapon. Under the circumstances, we agree with defendant that the existence or recovery of the .38 caliber weapon was irrelevant to any fact at issue at trial. MRE 401. We disagree, however, that the admission of the evidence requires reversal. *Carines, supra*. Defendant has not demonstrated that the evidence affected the outcome of the trial. *Id*. He simply opines that the evidence could have been used to impute bad character to him. Considering that defendant denied any knowledge of the weapon, that Ambrose went to Indianapolis with defendant, that there was no

evidence to support or suggest that defendant was the only occupant of the hotel room, and that defendant's fingerprints were not found on the weapon, we are not persuaded that the evidence prejudiced the outcome of trial. Moreover, even if such prejudiced existed, reversal is not required unless the error resulted in the conviction of an actually innocent defendant or the error seriously affected the fairness, integrity, or public reputation of the proceeding. *Carines, supra*. Neither criteria is met in this case.

Defendant next challenges a portion of the prosecutor's closing argument. Specifically, defendant complains that the prosecutor improperly invoked sympathy for the victim by arguing facts that were not in evidence. At trial, defendant objected to the challenged argument on the ground that it was based on facts that were not in evidence. We review the preserved issue by examining the prosecutor's remark in context to determine if defendant was denied a fair and impartial trial. *People v. Aldrich*, 246 Mich App 101, 110; 631 NW 2d 67 (2001). Defendant never objected to the argument on the ground that it was an improper appeal to the jurors' sympathies. "An objection based on one ground at trial is insufficient to preserve an appellate attack on a different ground." *People v. Maleski*, 220 Mich App 518, 523; 560 NW2d 71 (1996). Thus, the issue whether the prosecutor improperly appealed to jury sympathy is unpreserved and is reviewed for plain error. *People v. Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). There is no error if a timely instruction could have cured the prejudicial effect of the improper comments. *Id*.

The prosecutor argued:

> This environment, this courtroom, is really kind of an artificial sterile environment. I mean, people come in and they describe or tell you what they saw and tell you what happened, but I submit to you, it isn't the real thing. I can't get across enough, I don't think, that, in fact, we have someone who is dead here. Eric Williams is dead. He took a bullet in the center of his chest as a result of conduct and action by the Defendant, the Defendant.
>
> I can't impress that upon you enough. In this sterile environment that somehow and sometimes gets lost because you hear witnesses come in and there is arguing going back and forth. Make no mistake about it. *We had a person who, as his mother indicated,*

- 11 -

> *was a living person, who had children, who had a life, who was supporting a family*. [Emphasis added.]

Prosecutors may not make statements that are unsupported by the evidence or reasonable inferences drawn from the evidence. *People v. Schulz*, 246 Mich App 695, 710; 635 NW2d 491 (2001). The argument at issue, however, was based on facts in evidence. The victim's mother testified that she saw the victim alive on the day of the shooting and that the victim was very responsible and had a family of his own. Under the circumstances, defendant's argument has no merit.[FN]

> [FN] Within his argument on appeal, defendant states that the "sympathy evoking" facts were inadmissible. Any issue with respect to the admissibility of the testimony at issue is abandoned as it was not raised in the statement of questions presented. *People v. Miller*, 238 Mich App 168, 172; 604 NW2d 781 (1999).

We also reject defendant's argument that the prosecutor's appeal to the jury sympathy requires reversal. Appeals to the sympathy of the jury constitute improper argument, *Watson, supra*, at 591, and the challenged comments in this case clearly appealed to the jurors' sympathies. Nevertheless, the comments were isolated and did not prevail throughout the closing argument. Moreover, the comments were not inflammatory. A timely curative instruction would have cured any prejudice. *Id.* Furthermore, we note that the trial court instructed the jury that it must not let sympathy or prejudice influence its decision. The trial court also instructed the jury that the lawyers' statements and arguments were not evidence. Therefore, reversal is not required. *Id.* at 586.

Finally, defendant argues that the cumulative effect of the errors denied him his right to a fair trial and due process. This argument fails. Since any errors during the trial were not of consequence, there was no cumulative error that denied defendant a fair trial. *People v. Cooper*, 236 Mich App 643, 659-660; 601 NW2d 409 (1999); *People v. Miller (After Remand)*, 211 Mich App 30, 43-44; 535 NW2d 518 (1995).

Finally, petitioner argues that the court should dismiss his petition without prejudice so that he can return to the state courts to establish cause and prejudice for his procedurally defaulted issues. However, it is petitioner's burden to establish cause and prejudice for his procedural default

in this court. Petitioner has failed to do so. Moreover, the asserted errors were discussed in detail by the Michigan Appellate Court. Petitioner raises matters of state evidentiary law. Petitioner contends that the trial court abused its discretion when it admitted evidence where the probative value was outweighed by the prejudicial effect, contrary to Michigan state law, and by failing to prohibit prosecutorial statements during closing argument. However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. In the opinion of the undersigned, petitioner has not shown that his due process rights were violated by the evidentiary decisions of the trial court.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. In the opinion of the undersigned, petitioner cannot establish that his rights were violated by the jury instructions, or court rulings regarding the admission of evidence. Further, petitioner cannot establish that his rights were violated by the prosecutory peremptory challenged to the sole African American juror in the jury

pool. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)©; Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: April 24, 2007